IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mel Harris,<br><br>            Petitioner,<br><br>vs.<br><br>Charles Ryan, et. al.,<br><br>            Respondents. | No. CV 10-8185-PCT-SRB (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

This matter comes before this Court upon consideration of a *pro se* Petition for Writ of Habeas Corpus, filed on September 23, 2010, by Petitioner Mel Harris, who is confined in the Arizona State Prison (Doc. 1). Respondents filed an Answer on November 8, 2010 (Doc. 11). Petitioner filed a Reply on December 9, 2010 (Doc. 9).

**BACKGROUND OF STATE COURT PROCEEDINGS**

Petitioner was charged in the Mohave County Superior Court of Arizona with two counts of Second-Degree Murder, in violation of A.R.S. §13-1104, class 1 felonies, one count of Kidnapping, in violation of A.R.S.§ 13-1304, a class 2 felony, and one count of Sexual Assault, in violation of A.R.S. §13-1406, a class 2 felony. (Doc. 11, Exhs. B, C, at 1.) After a trial, Petitioner was convicted on both counts of murder and sentenced on November 14, 2006, to consecutive, mitigated 13-year sentences. (Id., Exh. E, at 5.) Petitioner appealed his conviction to the Arizona Court of Appeals, raising one issue, that the trial court had erred in denying Appellant's motion to suppress evidence "that was seized as

a result of the unlawful entry into [Petitioner]'s home without a warrant." (Id., Exh. B.)

On April 15, 2008, the Arizona Court of Appeals affirmed Petitioner's conviction, concluding that (1) the physical evidence seized from Petitioner's home was obtained pursuant to a valid warrant and, thus, was admissible under the independent source doctrine; (2) Petitioner did not have standing to challenge the statements made by another individual who was present when the entry was made; (3) that the trial court properly denied the suppression of Petitioner's own statements because some of the statements were made prior to the search warrant entry; and (4) Petitioner waived his right to appeal the introduction of his "spontaneous statement" for failing to make a timely objection or renew his objection to its admission at trial. (Doc. 11, Exh. E.)

On May 6, 2009, Petitioner filed his Notice of Post-Conviction Relief (hereinafter "PCR"). (Doc. 11, Exh. F.) On the form Notice, under the section a petitioner must complete if his notice is untimely, he selected the following exception to the timeliness requirement: "[f]acts exist which establish by clear and convincing evidence that the [petitioner] is actually innocent." (Id., Exh. F, at 2-3.) Petitioner did not elaborate in his Notice of the facts in support of this claim. The trial court dismissed Petitioner's PCR on May 11, 2009, ruling as follows:

> The defendant has filed a Notice of Post-Conviction Relief. The defendant alleges that he can present clear and convincing evidence that he is actually innocent in this case. While the defendant's notice is untimely under Rule 32.4, A.R.Crim.P, such allegations can be raised at any time in post-conviction relief proceedings. See, Rule 32.2, A.R.Crim.P. However, the defendant's notice is required to set forth the substance of his claim as well as the reasons for not raising the claim in a timely manner, otherwise the notice must be summarily dismissed. See, Id. The defendant's notice fails to provide this information. Therefore,
>
> IT IS ORDERED summarily dismissing the defendant's Notice of Post-Conviction Relief filed on May 6, 2009.

(Id., Exh. G.)

Petitioner did not file a petition for review of the trial court's decision to the Arizona Court of Appeals. (Doc. 1, at 5.) Petitioner filed the instant habeas petition on September 23, 2010, raising the following as grounds for relief:

(1) Violation of Fourth Amendment: Petitioner alleges an illegal search of his residence.

- 2 -

(2) <u>Violation of Fourth Amendment</u>: Petitioner alleges that police relied on information known to be false in obtaining a warrant to search his residence.

(3) <u>Ineffective Assistance of Counsel and Fourth Amendment Violation</u>: Petitioner alleges that his trial counsel knew of the unlawful search and did not challenge its validity in court.

(4) <u>Ineffective Assistance of Counsel</u>: Petitioner alleges that his counsel did not renew a Fourth Amendment objection to the introduction of a statement he had made to witness "R." (Doc. 1, at 6-9.)

**DISCUSSION**

The AEDPA imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. <u>See</u> 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); <u>see</u> <u>also</u> <u>Lott v. Mueller</u>, 304 F.3d 918, 920 (9th Cir. 2002). Petitioner's conviction became final "upon the expiration of the time for seeking [state post-conviction] relief." <u>Summers v. Schriro</u>, 481 F.3d 710, 711 (9th Cir. 2007) (holding that for an Arizona non-capital pleading defendant, the conviction becomes "final" at the conclusion of the first "of right" post-conviction proceeding under Rule 32).

Petitioner was sentenced on November 14, 2006. His direct appeal concluded on April 15, 2008. He did not file an appeal of that decision to the Arizona Supreme Court, thus, his conviction became final when the time for filing a petition for review to the Arizona Supreme Court expired, that is, on May 15, 2008. 28 U.S.C. §2244(d)(1)(A). Thus, absent tolling, he was required to file his petition for writ of habeas corpus by May 15, 2009. 28 U.S.C. §2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); <u>see also</u> <u>Lott</u>, 304 F.3d at 921.

Petitioner's deadline for initiating PCR proceedings was within 90 days after the entry of judgment and sentence or within 30 days from the order and mandate in the direct appeal,

- 3 -

1  whichever is later.  Ariz. R.Crim. P. 32.4(a).  Petitioner filed his PCR petition on May 6,
2  2009, nearly a year after conclusion of direct review.  The trial court dismissed Petitioner's
3  PCR proceedings as untimely May 11, 2009.  As Petitioner's PCR petition was not "properly
4  filed" he is not entitled to statutory tolling of the time that his petition was pending in the
5  state court.  Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).  "When a post-conviction
6  petition is untimely under state law, 'that [is] the end of the matter' for purposes of §
7  2244(d)(2)." Id. at 414.  To hold otherwise "would turn §2244(d)(2) into a *de facto* extension
8  mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay."
9  Id. at 413.  For purposes of statutory tolling, a federal district court defers to the state court's
10 determination that the state post-conviction relief request was "properly filed."  Id., at 414.
11  Petitioner's habeas petition is untimely because he did not file it by May 15, 2009, and
12 should therefore be dismissed, unless Petitioner can demonstrate grounds for equitable
13 tolling.

14       In order for a petitioner to be entitled to equitable tolling of AEDPA's 1-year
15 limitations period, he must show: "(1) that he has been pursuing his rights diligently, and (2)
16 that some extraordinary circumstance stood in his way and prevented timely filing." Holland
17 v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (citation omitted).  Equitable tolling
18 is appropriate "if extraordinary circumstances beyond a prisoner's control make it impossible
19 to file a petition on time." Calderon v. United States District Court (Beeler), 128 F.3d 1283,
20 1288 (9th Cir.1997), overruled on other grounds, 163 F.3d 530 (9th Cir. 1998) (tolling of
21 statute of limitations due to extraordinary circumstances requires that a defendant diligently
22 pursue his claim).  A petitioner bears the burden of establishing that he pursued his rights
23 diligently and that some extraordinary circumstances stood in his way.  Pace, 544 U.S. at
24 418. Grounds for equitable tolling are "highly fact-dependent." Laws v. Lamarque, 351 F.3d
25 919, 922 (9th Cir. 2003), citing Whalem/Hunt v. Early, 233 F.3d 1146 (9th Cir. 2000) (en
26 banc).

27       Petitioner acknowledges that his petition is untimely, but argues that the AEDPA one-
28 year limitations period does not bar his petition because "[he] is mentally handicapped and

1 requires assistance" and he "has suffered from a brain aneurysm and is unable to timely file
2 his petition without assistance." (Doc. 1, at 11.)  Petitioner also asserts in his Reply that
3 "[d]uring [his] incarceration in county jail it was discovered that Petitioner is autistic,"... and
4 that "in December 2008, [he] suffered a stroke from a brain aneurysm leaving [him] with
5 memory loss, and impaired speech." (Doc. 9, at 2.)  Petitioner does not submit any medical
6 records, or any evidence in support of these claims.  Nothing in the trial or appellate court
7 record was submitted reflecting Petitioner's counsel, or the court's concern regarding his
8 competence. Even if Petitioner did suffer a stroke in December, 2008, that does not explain
9 his failing to timely file his PCR notice  in June, 2008.  In his untimely PCR notice, filed on
10 May 6, 2009, he did not raise the issue of his mental capacity in explaining why his PCR was
11 untimely, despite having the option on the form notice to indicate that his failure to file was
12 "without fault on [his] part." (Doc. 11, Exh. F, at 3.)  His reported autism and stroke also do
13 not explain why the habeas petition he did file in this court could not have been filed earlier.
14 He waited over 16-months after the dismissal of his PCR before filing the instant habeas
15 petition.

16 Petitioner has failed to demonstrate equitable tolling applies in his case.  He has not
17 demonstrated that he has "purs[ued] his rights diligently," and that "some extraordinary
18 circumstance stood in his way." Pace, 544 U.S. at 418-19 & n.8. "Equitable tolling will not
19 be available in most cases, as extensions of time will only be granted if 'extraordinary
20 circumstances' beyond a prisoner's control make it impossible to file a petition on time."
21 Calderon, 128 F.3d at 1288. Extraordinary circumstances "necessarily suggests the doctrine's
22 rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that
23 an external force must cause the untimeliness, rather than, . . . merely 'oversight,
24 miscalculation or negligence'" on a petitioner's part. Waldron-Ramsey v. Pacholke, 556
25 F.3d 1008, 1011 (9th Cir. 2009) (concluding that even if prisoner had difficulty developing
26 his claims, he did not show diligence because, inter alia, "he could have prepared a basic
27 form habeas and filed it to satisfy the AEDPA deadline" and amended the petition later)
28 (citations omitted).

1  Petitioner's conclusory assertions regarding his mental functioning are insufficient to
2  establish equitable tolling. See Lawrence v. Florida, 549 U.S. 327, 337 (2007) (finding that
3  the petitioner "made no factual showing of mental incapacity" and thus had fallen far short
4  of showing extraordinary circumstances justifying equitable tolling). In addition to failing
5  to present evidence of mental impairment, Petitioner has made no attempt to establish a
6  "casual connection" between his alleged mental impairment and his ability to file a timely
7  habeas petition. See Bryant v. Schriro, 499 F.3d 1056, 1061 (9th Cir. 2007) (habeas
8  petitioner was not entitled to equitable tolling when he "failed to establish the requisite causal
9  connection" between alleged impediment and his ability to file a timely habeas petition).

10  Petitioner's case is distinguishable from the facts in Laws v. Lamarque, a case that the
11  Ninth Circuit Court of Appeals remanded for an evidentiary hearing to determine what
12  period of time should be equitably tolled due to petitioner's mental incompetence. 351 F.3d,
13  at 924-25. In Laws, the petitioner had made claims of incompetency in his state proceedings,
14  had been evaluated by five mental health professionals, and had submitted psychiatric and
15  medical records to document his claim. Id, at 921-23 (the court noted that, "[i]n 1993 it took
16  three psychiatrists, two psychologists, and a judge to decide Laws's competence at the time
17  of the inquiry"). The Court also noted that its holding was in accord with a Third Circuit
18  decision that held that even though there was "no evidence in the record that [petitioner]'s
19  current mental status affected his ability to present his habeas petition," there was evidence
20  of "ongoing, if not consecutive, periods of mental incompetency." Id., at 924 (citation
21  omitted).

22  Here, Petitioner's bare allegations of mental deficiencies, without evidentiary support,
23  and without an explanation as to how the alleged deficiencies prevented him from acting
24  diligently or filing a timely PCR or habeas petition, do not warrant the granting of
25  Petitioner's request for an evidentiary hearing, or the application of equitable tolling.
26  Petitioner was required to file his habeas petition by May 15, 2009, but did not file it until
27  September 23, 2010, and thus his petition is untimely and must be dismissed with prejudice.
28  This Court will therefore recommend that the petition be denied and dismissed.

- 6 -

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because denial of the Petition is justified by a plain procedural bar, and jurists of reason would not find the procedural bar debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 20th day of January, 2011.

Michelle H. Burns
United States Magistrate Judge