**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mel Harris, | No. CV10-8185-PCT-SRB |
| Petitioner, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Respondents. | |

Petitioner Mel Harris filed his Petition for Writ of Habeas Corpus on September 23, 2010 making two claims of Fourth Amendment violations and two claims of ineffective assistance of counsel. Respondents filed a limited answer on November 8, 2010 asserting that the petition was filed beyond the one-year statute of limitations established in 28 U.S.C. § 2244(d)(1) and that Petitioner procedurally defaulted his claims by failing to exhaust them before the state court prior to the filing of his habeas petition. Petitioner filed a reply to the Respondents' limited answer on December 9, 2010, asserting that his petition was timely filed because the statute of limitations should be tolled during the pendency of his state court Petition for Post-Conviction Relief and because of various physical and mental problems Petitioner experienced.

The Magistrate Judge issued her Report and Recommendation on January 20, 2011 concluding that the petition was filed after the expiration of the one-year statute of limitations

and that Petitioner was not entitled equitable tolling. The Magistrate Judge recommended that the petition be denied and dismissed with prejudice. Petitioner filed timely objections to the Report and Recommendation on March 21, 2011 arguing that he was entitled to equitable tolling urging the Court to be flexible on the issue of equitable tolling and to consider that Respondents had not claimed any prejudice in their answer to the habeas petition. Respondents filed a response to the objection urging the Court to overrule the objections and adopt the Magistrate Judge's Report and Recommendation because of the untimely filing of the Petition for Writ of Habeas Corpus.

The relevant dates with respect to the statute of limitations issue are as follows. Petitioner was convicted and sentenced on November 14, 2006 and timely appealed his conviction to the Arizona Court of Appeals. On April 15, 2008, the Arizona Court of Appeals affirmed his conviction and sentence. Petitioner did not file a Petition for Review of the Court of Appeals' decision to the Arizona Supreme Court. His conviction became final on May 15, 2008. Absent equitable tolling, the deadline for Petitioner to file any Petition for Writ of Habeas Corpus was May 15, 2009. On May 6, 2009, Petitioner filed a Notice of Post-Conviction Relief in the state court. Because that notice was filed untimely, Petitioner claimed the exception to the timeliness requirement that facts exist which would establish by clear and convincing evidence that he was actually innocent. Petitioner did not elaborate in his notice on any of the facts that would support his claim of actual innocence. On May 11, 2009, the Notice of Post-Conviction Relief was summarily dismissed as untimely. Petitioner did not file a petition to review the trial court's decision in the Arizona Court of Appeals. Petitioner's next filing is this habeas petition filed September 23, 2010.

As previously noted, absent equitable tolling the petition was due to be filed on May 15, 2009. Even if the Petition for Post-Conviction Relief filed in state court could be considered timely, it was dismissed on May 11, 2009. The instant petition was not filed until 16 months thereafter. But as noted by the Magistrate Judge, Petitioner's Petition for Post-Conviction Relief was dismissed as untimely on May 11, 2009. Because it was not timely filed, there was no equitable tolling for the few days that his petition was pending.

1  Petitioner's habeas petition was due to be filed May 15, 2009 and is untimely unless
2  Petitioner can demonstrate grounds for equitable tolling.  Petitioner argues in reply that his
3  petition should be equitably tolled based on alleged mental handicaps and a brain aneurysm.
4  Petitioner submitted no medical records or evidence of any kind to support his claims that
5  he was unable to pursue his rights diligently because of any alleged mental and physical
6  problems. The Magistrate Judge specifically noted that the trial and appellate court records
7  reflect no concern by Petitioner's counsel or the Court concerning competency.  Even the
8  date of his alleged stroke in December 2008 does not explain his failure to timely file his
9  Petition for Post-Conviction Relief, which was due in June 2008.  Moreover, in his untimely
10 petition filed May 6, 2009 he did not raise any of the issues he now claims with respect to
11 mental capacity.  Finally, Petitioner fails to explain how his alleged mental and physical
12 limitations prevented him from filing his petition for more than 16 months after the dismissal
13 of his state Petition for Post-Conviction Relief.  The Magistrate Judge concluded, and this
14 Court agrees, that Petitioner has failed to demonstrate that equitable tolling applies in his
15 case.

16  IT IS ORDERED overruling Petitioner's objections to the Report and
17 Recommendation of the Magistrate Judge.

18  IT IS FURTHER ORDERED adopting the Report and Recommendation of the
19 Magistrate Judge as the Order of this Court.

20  IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is denied
21 and dismissed with prejudice.

22  IT IS FURTHER ORDERED denying a certificate of appealibility and leave to
23 proceed in forma pauperis on appeal because denial of the Petition is justified by a plain
24 procedural bar and jurists of reason would not find the procedural bar debatable.

25 / / /
26 / / /
27 / / /
28 / / /

1    IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

4    DATED this 29th day of March, 2011.

_____
Susan R. Bolton
United States District Judge